FILED
U.S. DISTRICT COURT
      DIV.
2011 AUG 18 PM 3: 11
CLERK R Cuk
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO BROWN,

    Plaintiff,

v.                                                         CIVIL ACTION NO.: CV611-090

BRUCE CHATMAN, Warden, and
LARRY BREWTON, Unit Manager,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Georgia State Prison in Reidsville, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. The Court may dismiss a complaint for failure to state a claim only where it appears beyond a doubt that a *pro se* litigant can prove no set of facts that would entitle him to relief. Hughes v. Rowe, 449 U.S. 5, 10 (1980); Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

> Plaintiff's Statement of Claim, in its entirety, is as follows:
>
> On 07-21-2011, Unit Manager Larry Brewton call his-self putting me on 'yard-restridted'(sic) and ain't no such thang as yard-restricted 'S.O.P.' stated by federal law 'S.M.U. Manger' (sic) supposed to get 'yard call' a hour a day five days a week.

(Doc. No. 1, p. 5).

Plaintiff makes no factual allegations in his Complaint against Defendant Brewton. A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). As Plaintiff has failed to make any factual allegations against Defendant Brewton, his claim against Defendant Brewton should be dismissed.

In addition, "[i]n order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color

2

of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphases in original) (citation omitted). Plaintiff's allegations do not reveal that he suffered any constitutional deprivation.

Moreover, it appears Plaintiff seeks to hold Defendant Chatham liable based solely on his position as warden. In section 1983 actions, liability must be based on something more than a theory of respondeat superior. Braddy v. Fla. Dep't of Labor & Employment Sec., 133 F.3d 797, 801 (11th Cir. 1998). A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations. Id. at 802. As Plaintiff has failed to make this basic showing, his claims against Defendant Chatham should be dismissed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED** for failure to state a claim upon which relief may be granted.

**SO REPORTED** and **RECOMMENDED**, this 18th day of August, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

3