UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO BROWN,

Plaintiff,

v.     6:11-cv-90

Warden BRUCE CHATMAN and Unit Manager LARRY BREWTON,

Defendants.

## ORDER

Plaintiff Antonio Brown ("Brown") asks this Court to reconsider its October 20, 2011 Order adopting the Magistrate Judge's recommendation and dismissing Brown's case against Defendants Bruce Chatman ("Chatman") and Larry Brewton ("Brewton"). *See* Doc. 16; *see also* Doc. 14.

Brown filed a complaint challenging his "yard-restricted" status. *See* Doc. 1 at 5. The complaint contained no coherent factual allegations. *See id.* For relief, Brown indicated merely that he wanted Defendants "to pay." *Id.* at 6.

The Magistrate Judge recommended that the Court dismiss Brown's complaint because the complaint contained neither factual allegations against Brewton, nor averments of a constitutional deprivation. *See* Doc. 7 at 2-3 (Report and Recommendation ("R&R")). The R&R also recommended dismissal of Brown's claims against Chatman because Brown sought to hold Chatman liable based solely on his position as warden. *See* Doc. 7 at 3.

In lieu of filing an objection to the R&R, Brown filed a motion to amend his complaint. *See* Doc. 12. In the motion, Brown avers that Brewton placed Brown on "yard restriction," a ban from out-of-cell recreation, because of an altercation Brown had with an orderly. *See id.* at 6. He further alleged that Brewton acted against prison policy. *See id.* at 6-7. Brown claims that both Brewton and Defendant Bruce Chatman have a history of disciplining prisoners in a similar fashion "unjustifiably and without due process and equal protection of policies and laws." *See id.* at 7. Brown asks this Court

This Court adopted the R&R without addressing Brown's motion to amend. *See* Doc. 14. Brown now asks the Court to consider his attempt to amend his complaint.

The Federal Rules of Civil Procedure allow parties to amend complaints once as a matter of course within "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15. There has been no responsive pleading in this case. Hence, Brown is entitled to amend his complaint.

Brown's amendment remedies the defects in his complaint against Brewton. Brown's complaint now contains factual allegations against Brewton. *See* Doc. 12 at 6-7. Although Brown does not explicitly allege that his due process and equal protection rights have been violated, he does accuse Brewton and Chatman of previously punishing inmates "unjustifiably and

without due process and equal protection of policies and laws." *See id.* at 7; *see also id.* at 8 (seeking "[a] declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States"). The Court liberally construes Brown's complaint to allege a violation of Brown's due process and equal protection rights as well. *Cf. Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (stating that pro se complaints are to be liberally construed). Accordingly, Brown's complaint now contains factual allegations against Brewton and averments of a constitutional deprivation.

Brown's complaint, however, still fails to state a claim against Chatman. Liability under § 1983 cannot be based solely upon the theory of respondeat superior. *See Braddy v. Fla. Dep't of Labor & Employment Sec.*, 133 F.3d 797, 801 (11th Cir. 1998). The amended complaint alleges only that Chatman had a history of violating inmates' constitutional rights. *See* Doc. 12 at 7. The complaint does not allege any independent activity on Chatman's part that entitles Brown to relief against Chatman. Accordingly, the Court properly dismissed Brown's complaint against Chatman.

Brown's motion to reconsider, *see* Doc. 16, is **GRANTED**. This case will proceed with only Brewton remaining as a Defendant.

## CONCLUSION

This case is **REOPENED**. Brown's motion to reconsider, *see* Doc. 16, is **GRANTED**. Brown's "Motion for Leave to File an Amended Complaint," *see* Doc. 12, is **GRANTED**, and the Magistrate Judge's R&R, *see* Doc. 7, is **ADOPTED IN PART AND REJECTED IN PART**. Only Larry Brewton remains a defendant in this case. This case is referred back to the Magistrate Judge.

This 24th day of January 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2