IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO BROWN,

   Plaintiff,

v.            CIVIL ACTION NO.: CV611-090

LARRY BREWTON, Unit Manager,

   Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

  Plaintiff Antonio Brown ("Plaintiff"), an inmate currently incarcerated at Baldwin State Prison in Hardwick, Georgia, filed an action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement at Georgia State Prison in Reidsville, Georgia. Defendant filed a Motion to Dismiss. By Order dated August 6, 2012, the Court instructed Plaintiff to file any objections to Defendant's Motion to Dismiss within twenty-one (21) days of the date of that Order. Plaintiff has failed to object to Defendant's Motion. However, because Plaintiff is pro se, the undersigned will not summarily recommend granting Defendant's Motion but will, instead, assess the merits of Defendant's Motion to Dismiss. For the following reasons, Defendant's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

  Plaintiff alleges that Defendant placed him on yard restriction without first providing him with a disciplinary hearing. Defendant asserts that Plaintiff's Complaint should be dismissed because Plaintiff failed to exhaust the administrative remedies

available to him prior to filing his Complaint and because Plaintiff has failed to state a claim.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id. Once findings are made on disputed issues of fact, the court must decide, based on those findings, whether the inmate has exhausted available administrative remedies. Id.

## DISCUSSION AND CITATION TO AUTHORITY

The Prison Litigation Reform Act mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust administrative remedies, a prisoner must "properly take each step within the administrative process." Johnson v. Meadows, 418 F.3d 1152, 1158 (11th Cir. 2005) (citation omitted). An inmate "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Id. (citation omitted). If under the plaintiff's version of the facts the plaintiff has not exhausted his administrative remedies, the court must dismiss the plaintiff's complaint. Turner v. Burnside, 541 F.3d 1077,

AO 72A
(Rev. 8/82)

1082 (11th Cir. 2008); see also Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011) (stating that "[a] complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint").

Defendant asserts that Plaintiff did not exhaust all of the administrative remedies available to him prior to filing his Complaint. In his Amended Complaint, in response to the question, "Did you appeal any adverse decision to the highest level possible in the administrative procedure?", Plaintiff marked the space labeled "yes". (Doc. No. 12, p. 5). However, in response to the next question, "If yes, what was the result?", Plaintiff responded, "Awaiting." (Id.). It is clear from the face of Plaintiff's Complaint that the administrative remedy procedure had not concluded when he filed suit. Because Plaintiff failed to exhaust his administrative remedies before filing his Complaint, Plaintiff's Complaint should be dismissed. Defendant's remaining ground for dismissal need not be addressed.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

SO REPORTED AND RECOMMENDED, this 24th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)