UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

ANTONIO BROWN,

Plaintiff,

v.                          6:11-cv-90

LARRY BREWTON, Unit Manager,

Defendant.

## ORDER

### I. INTRODUCTION

Before the Court is Plaintiff Antonio Brown's "Motion for Reconsideration on Above Styled Case." ECF No. 32.

### II. ANALYSIS

"Federal courts grant [reconsideration of previous orders] only for extraordinary circumstances." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir. 2000). "Reconsideration may be necessary [only] if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice." *Ramos-Barrientos v. Bland*, 728 F. Supp. 2d 1360, 1382-83 (S.D. Ga. 2010) (quoting *Jersawitz v. People TV*, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999)). In his motion, Brown states that he "was lock[ed] up in segregation and couldn't get to the Law Library in time to file [a] motion." ECF No. 32 at 1. Therefore, the only one of these grounds on which Brown's motion for reconsideration can possibly rest would be the need to prevent manifest injustice.

On August 3, 2012, Defendant filed his motion to dismiss Brown's complaint. ECF No. 21. On August 6, 2012, Magistrate Judge Graham entered an order giving Brown additional time to respond to Defendant's motion to dismiss and directing Brown to file any objections to that motion by August 27, 2012. ECF No. 22. Brown chose not to object, but instead, on August 27, 2012, filed a motion to appoint counsel. ECF No. 23. Judge Graham denied Brown's motion to appoint counsel, ECF No. 25, and thereafter entered a Report and Recommendation recommending that Defendant's motion to dismiss be granted. ECF No. 28.

In that Report and Recommendation, Judge Graham stated that "Plaintiff has failed to object to Defendant's Motion. However, because Plaintiff is pro se, the undersigned will not summarily recommend granting Defendant's Motion, but will, instead, assess the merits of Defendant's Motion to Dismiss." *Id.* at 1. Judge Graham then found that based on Brown's own admission that he was still "[a]waiting" the result of his appeal to the highest level possible in the administrative remedy procedure, it was "clear from the face of Plaintiff's Complaint that . . . Plaintiff failed to exhaust his administrative remedies before filing his Complaint." *Id.* at 3. The Court adopted this Report and Recommendation on October 24, 2012. ECF No. 30.

Brown never objected to Defendant's motion to dismiss when he was able (as shown by his choice to instead move for

appointment of counsel). The Court did not summarily dismiss Browns complaint but instead assessed its merits. Brown admitted that he did not exhaust his administrative remedies before filing his complaint. Moreover, even if Brown was unable— without access to the law library—to substantively object to Defendant's motion or Judge Graham's Report and Recommendation, Brown did not need access to the law library to move for an extension of time to object; this, he also chose not to do. Given these facts and circumstances, no manifest injustice occurred.

## III. CONCLUSION

Accordingly, Brown's motion for reconsideration, ECF 32, is *DENIED*.

This 2/ day of November 2012.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA